UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

JANET OLSON,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff hereby sues Defendant and alleges as follows:

### PRELIMINARY ALLEGATIONS

1. Plaintiff, JANET OLSON (hereinafter "Plaintiff"), is a citizen of the state of Wisconsin and Defendant, NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Lines (hereinafter "Defendant"), is a Bahamian corporation with its principal place of business in Florida.

2. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the event this matter does not come under diversity jurisdiction of the Court, then this matter is being brought under the admiralty and maritime jurisdiction of the Court.

3. At all times material hereto, Defendant, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or

48.193;

e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

f. The Defendant, as a common carrier, was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Norwegian Epic*.

4. At all times material hereto, Defendant is subject to the jurisdiction of the Courts of this state and the causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

5. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Norwegian Epic.*

6. At all material times material hereto, Defendant had exclusive custody and control of the vessel, the *Norwegian Epic.*

7. On or about March 4, 2015, the Plaintiff was a paying passenger on Defendant's vessel which was in navigable waters.

8. On or about March 4, 2015, the Plaintiff suffered severe personal injuries when she slipped and fell on or near the steps of the Jacuzzi/spa area as a result of a wet and/or slippery surface.

9. Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. Specifically, Defendant should have known that rough and/or high seas would cause the Jacuzzi/spa to splash water on the surrounding walkways/stairways, causing slippery and/or wet surfaces. Defendant failed to adequately monitor the Jacuzzi/spa area, and/or adequately dry the

subject area within a reasonable time.

## COUNT I – NEGLIGENCE

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through nine (9) as though alleged originally herein.

10. It was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

11. On or about March 4, 2015, Defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

12. On or about March 4, 2015, the Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, servants, and/or employees as follows:

   a. Failure to maintain the area in a reasonably safe condition; and/or

   b. Failure to maintain the subject floor/steps in a clean and safe condition; and/or

   c. Failure to select and/or adopt reasonably safe flooring or steps surfaces fit for their intended purpose; and/or

   d. Failure to identify and/or change the hazardous flooring or steps surfaces in the subject area; and/or

   e. Failed to utilize and/or maintain non-slid surfaces in the subject area; and/or

   f. Failure to utilize and/or maintain non-slid floor or steps surface in the subject area; and/or

   g. Failure to have an adequate flooring or steps surface for the subject area; and/or

   h. Failure to warn Plaintiff of the danger of the slippery flooring or steps surface in the subject area; and/or

   i. Failure to inspect the floor at reasonable and adequate intervals so as to discover unsafe and/or slippery conditions; and/or

j. Failure to promulgate and/or enforce adequate policies and procedures to inspect the floor or steps at reasonable and adequate intervals so as to discovery unsafe and/or slippery conditions; and/or

k. Failure to place rubber mats and/or other non-slip coverings in and around the area; and/or

l. Failure to put up warning signs cautioning Plaintiff of the dangerous condition in and around the area; and/or

m. Failure to promulgate and/or enforce adequate policies and procedures to maintain the subject area in a reasonably safe condition; and/or

n. Failure to comply with safety codes and standards designed and promulgated to reduce the risk of the type of accident the Plaintiff suffered, from happening; and/or

o. Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by the Plaintiff; and/or

p. Failure to implement available safety and ergonomic standards designed to reduce and/or prevent the type of accident the Plaintiff suffered from happening; and/or

q. Failure to conduct tests on the flooring or steps area to determine whether it is reasonably safe.

All of which caused and/or contributed to the Plaintiff's severe injuries when she slipped and fell on or near a wet and/or slippery step or surface on or near a public Spa/Jacuzzi aboard the ship.

13. Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

14. Defendant failed to test the subject steps for co-efficiency of friction thus Defendant failed to discover the perilous condition created by the slippery nature of the steps.  All of the above caused the Plaintiff to be injured.

15. Further, the Plaintiff anticipates that discovery will reveal that, prior to the Plaintiff's incident, other passengers aboard Defendant's cruise ships were similarly injured slipping and falling on the same or similar type of steps in or near the Jacuzzis/spa area.

16. As a result of the negligence of Defendant NCL, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions there from, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

**DATED February 2, 2016**

Respectfully submitted,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 S. Biscayne Boulevard
Miami, Florida 33131
Tel.: (305) 373-3016
Fax: (305) 373-6204

By: */s/ Michael Winkleman*
**MICHAEL WINKLEMAN**
Florida Bar No. 36719